Opinion filed March 30, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00269-CV 

                                                    __________

 

                                          ROY DAY JR., Appellant

 

                                                             V.

 

               KNOX
COUNTY APPRAISAL DISTRICT ET AL, Appellees

 



 

                                          On
Appeal from the 50th District Court

 

                                                           Knox
County, Texas

 

                                                     Trial
Court Cause No. 8739

 



 

                                               M E M O R A N D U M  O P I N I O N

Roy Day Jr. filed suit to set aside a tax sale of
property pursuant to a judgment for delinquent ad valorem taxes.  The trial court granted appellees= motions for summary judgment and
dismissed appellant=s claims.[1]  We affirm.

                                                               Background
Facts








A judgment was entered against appellant for
delinquent taxes due on three pieces of property in Knox County.  The trial court ordered the sale of these
properties in October 2001.  Bobby Day
purchased all three properties at public auction.  Sheriff=s
deeds were recorded on November 6, 2001, and January 15, 2002.  Appellant then filed this suit to set aside
the tax sale.

                                                                         Issues

Appellant challenges the trial court=s judgment with four issues.  Appellant alleges that the trial court erred
because it did not consider his request for a tax abatement, did not consider
that one of the three properties was a homestead, allowed Bobby Day to refuse
his request for redemption, and denied him a jury trial.

            Did
The Trial Court Correctly Grant Appellees=
Motions For Summary Judgment?

The underlying judgment was entered in 1999.[2]  Appellant=s
properties were sold, and sheriff=s
deeds were recorded on November 6, 2001, and January 15, 2002.  Appellant contends that approximately four
months later he filed an application for property tax abatement exemption with
the Knox County Appraisal District and provided a copy of his application to
the trial court in this cause.  No
application was included in the appellate record.  We will, however, exercise our discretion and
assume that an application was filed in 2002.

Appellant argues that he is entitled to a tax
abatement pursuant to Tex. Tax Code Ann.
' 33.06(a)
(Vernon Supp. 2005) because he is 65 years of age or older.  This statute allows certain individuals to Adefer collection of a tax, abate a suit
to collect a delinquent tax.@   Section 33.06(a), however, has no
application to this suit because it is not a suit to collect a delinquent
tax.  Furthermore, appellant=s attempted use of a 2002 abatement
application is an impermissible collateral attack on the 1999 judgment because
it is an attempt to establish that he did not owe any tax in 1999.  See Ranger Ins. Co. v. Rogers, 530
S.W.2d 162, 167 (Tex. Civ. App.CAustin
1975, writ ref=d
n.r.e.)(a collateral attack on a judgment is an attempt to avoid the effect of
a judgment in a proceeding brought for some other purpose).  Appellant=s
first issue is overruled.

Appellant asserts in his second issue that the trial
court erred because one of the three properties is his homestead.  Appellant contends that it is, therefore, tax
exempt pursuant to Tex. Tax Code Ann. ' 11.43
(Vernon Supp. 2005).  This is also an
improper attempt to collaterally attack the 1999 judgment because it challenges
his prior tax liability.  Appellant=s second issue is overruled.








Appellant contends that he was entitled to redeem
his properties but that the purchaser, Bobby Day, wrongfully refused his offer
of redemption.  The undisputed evidence
establishes that sheriff=s
deeds transferring the three tracts to Bobby Day were recorded on November 6,
2001, and January 15, 2002.  Appellant
sent Bobby Day a letter dated November 24, 2003, requesting the opportunity to
redeem the properties.

The Tax Code provides a two-year redemption period
for the owners of residential homestead and agricultural use land which is sold
at a tax sale.  Tex. Tax Code Ann. ' 34.21(a) (Vernon Supp. 2005).  The statute includes a formula for
calculating the redemption price and requires an unconditional tender.  See Reynolds v. Batchelor, 216 S.W.2d
663, 666 (Tex. Civ. App.CFort
Worth 1948, writ ref=d
n.r.e.).  Even assuming appellant=s property qualified, his letter was
insufficient as a matter of law because it was mailed more than two years after
two of the sheriff=s deeds
were recorded and because it was not an unconditional tender of the amount
owed.  Appellant=s
third issue is overruled.

Appellant contends in his fourth issue that the
trial court erred by granting appellees=
summary judgment motions and thereby depriving him of a jury trial because
there was collusion and conspiracy between the taxing unit and Bobby Day.  Appellant appears to allege that summary
judgment was improper because there were material questions of fact on his
causes of action.  Appellant, however,
directs this court to no evidence creating a question of fact.  Pleadings do not constitute summary judgment
proof.  City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Consequently, appellant=s allegations, without evidence, are
insufficient to overcome a no-evidence motion for summary judgment.  Tex.
R. Civ. P. 166a(i).  Appellant=s fourth issue is overruled.  

                                                         Conclusion

Appellant has identified no error by the trial court.  The trial court=s
judgment is affirmed.

 

PER CURIAM

 

March 30, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











     [1]Appellees
consist of Knox County Appraisal District; Stanton Brown, individually and as
former Chief Appraiser of the Knox County Appraisal District; Dean Homstad,
individually and as Sheriff of Knox County; and Bobby Day.





     [2]Appellant
appealed that judgment to this court.  We
affirmed.  Day v. Knox County
Appraisal Dist., No. 11-00-00073-CV, 2000 WL 34234266 (Tex. App.CEastland Aug. 31, 2000, no pet.)(not designated for
publication).